**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PETER SEAN MILBURN, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-01886-RWS |
| AEGIS WHOLESALE | : | |
| CORPORATION; BANK OF | : | |
| AMERICA, N.A.; SHUPING, | : | |
| MORSE & ROSS, LLC | : | |
| | : | |
|     Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [8]. After reviewing the record, the Court enters the following Order.

**I.    Background[1]**

This case arises out of Plaintiff Peter Sean Milburn's ("Plaintiff") attempt to halt the imminent non-judicial foreclosure sale of real property owned by him, located at 1511 Iverson Street N.E., Atlanta, Georgia 30317 (the

---

[1] "To determine whether the case should be remanded [because diversity jurisdiction is not present], the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

"Property"). (Compl., Dkt. [1-2] ¶ 5.) On February 15, 2006, Plaintiff executed a promissory note (the "Note") in favor of Defendant Aegis Wholesale Corporation ("Aegis") in the amount of $245,000.00. (Id. ¶ 9.) To secure repayment under the Note, Plaintiff executed a security deed (the "Security Deed") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Aegis.[2] (Id. Ex. A (Security Deed).) On January 26, 2011, MERS assigned the Security Deed to "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP" (the "Assignment"). (Id. ¶ 14.) The Assignment was signed by "S. Andrew Shuping, Jr. VP as vice president of MERS." (Id. ¶ 14, Ex. C.) Mr. Shuping is an attorney at the law firm of Shuping, Morse & Ross, LLP ("Shuping"), who has been assisting in the foreclosure process as counsel. (Id. ¶ 15.)

Plaintiff was apparently unable to make the required payments under the Note, and Defendant BANA began foreclosure proceedings. (See id.) Plaintiff filed this suit in Superior Court of DeKalb County, Georgia on April 30, 2012, challenging the Assignment and Defendants' right to foreclose on the Property. (See Compl., Dkt. [1-2].) On May 31, 2012, Defendant Bank of America, N.A.

---

[2] MERS is not a named defendant in this case, even though Plaintiff refers to MERS as a defendant in his Complaint. (Id. ¶ 30.)

2

("BANA") removed this case from Superior Court of DeKalb County to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[3] (Notice of Removal, Dkt. [1] at 1.)  Subsequently, Defendant BANA (Dkt. [2]) and Defendant Shuping (Dkt. [4]) filed motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Plaintiff then filed a Motion to Remand (Dkt. [8]) and a Motion to Extend Time to File Response to Motion to Dismiss ("Motion to Extend Time") (Dkt. [9]).  The Court granted Plaintiff's Motion to Extend Time, and ordered that Plaintiff is not required to file a response to the pending motions to dismiss (Dkt. [2] and [4]) until the Court rules on the Motion to Remand (Dkt. [8]).  The Motion to Remand (Dkt. [8]) is currently before the Court.

## II.   Motion to Remand [8]

A defendant may remove from state court to federal court any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  On a motion to remand, the proponent of federal jurisdiction has the burden of establishing original jurisdiction for the removal.  Miedema v.

---

[3] On May 30, 2012, Defendant Shuping consented to the removal of this case to federal court.  (Notice of Removal, Dkt. [1] Ex. D (Def. Shuping's Consent to Removal).)

3

Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006).  Removal is allowed "where original jurisdiction exists at the time of removal."  Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) (internal quotes and citation omitted).  "[Federal] courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a).

In their Notice of Removal, Defendants invoked 28 U.S.C. § 1332(a). (Notice of Removal, Dkt. [1] at 1, Ex. D (Def. Shuping's Consent to Removal).) Plaintiff, who is a Georgia citizen, argues that Defendant Shuping is "a Georgia Corporation," which destroys complete diversity of the parties as required under § 1332(a).  (Mot. to Remand, Dkt. [8] at 3.)  He also claims that the amount in controversy is not satisfied.  (Id.)  Therefore, according to Plaintiff, the Court lacks diversity jurisdiction and the case should be remanded to state court.  (Id.)

Defendants state in their Notice of Removal and in their responses in opposition to the motion to remand that Defendant Shuping is a nominal defendant; i.e., it was fraudulently joined, so the Court can ignore its citizenship in evaluating diversity jurisdiction.  (Notice of Removal, Dkt. [1] ¶ 12; Def. BANA's Resp. in Opp'n to Pl.'s Mot. To Remand, Dkt. [13] at 5; Def.

4

Shuping's Resp. to Pl.'s Mot. to Remand, Dkt. [14] at 2.)  Defendants also argue that the amount in controversy is satisfied because the Security Deed is for an amount greater than $75,000.00.  (Def. BANA's Resp. in Opp'n to Pl.'s Mot. To Remand, Dkt. [13] at 8-12; Def. Shuping's Resp. to Pl.'s Mot. to Remand, Dkt. [14] at 2-3.)  The Court considers both elements of diversity jurisdiction challenged in the Motion to Remand [8].

### A. Diversity of Citizenship

"A defendant may invoke the doctrine of fraudulent joinder to avoid the complete-diversity rule." Davidson v. Mortgage Electronic Registration Systems Inc., No. 3:12-cv-47-TCB, 2012 WL 6971002, at *2 (N.D. Ga. Mar. 13, 2013).  When the doctrine of fraudulent joinder of a defendant is claimed, "the removing party has the burden of proving either: (1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident into state court." Crowe, 113 F.3d at 1538; see also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the Complaint, the federal court cannot find that joinder of the

5

resident defendant was fraudulent, and remand is necessary." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007).

"To determine whether the case should be remanded [because diversity jurisdiction is not present], the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. "In doing so, the court may consider affidavits in deciding whether the plaintiff has stated an arguable claim." Davidson, 2012 WL 6971002, at *2 (citing Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005)). "The determination whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

While a court is required to resolve questions of fact in a plaintiff's favor, "the court need not accept all of the plaintiff's claims as true in the face of unanswered affidavits squarely contradicting the plaintiff's factual assertions." In re ConAgra Peanut Butter Prods. Liab. Litig., No. 1:07-cv-2096, MDL No. 1:07-md-1845, 2008 WL 953023, at *2 (N.D. Ga. Apr. 8, 2008) (citing Legg,

6

428 F.3d at 1322-23).  That is, a court "does not assume that the plaintiff could or would prove the necessary facts in the absence of any proof."  Id.

Plaintiff asserts the following state-law claims against Defendant Shuping: declaratory judgment (Count I), injunctive relief (Count II), cancellation of fraudulent assignment (Count III), quiet title (Count IV), negligence (Count V), allowable expenses of litigation, including attorney's fees (Count VI), and a demand for jury trial (Count VII).  (Compl., Dkt. [1-2].)  Taking the facts in Plaintiff's complaint as true and construing all doubts in their favor, Plaintiff fails to state even a colorable state-law claim against Defendant Shuping.

For the sake of brevity and clarity, the Court will not analyze each of Plaintiff's claims against Defendant Shuping separately; instead, it will extract the material allegations and determine whether they may give rise to a plausible claim to relief.  All of Plaintiff's claims against Defendant Shuping rely on allegations that (1) the assignment of the Security Deed from MERS to Defendant BANA was fraudulent (id. ¶¶ 51-55); (2) Defendant Shuping signed the Assignment as a "robo-signer" (id. ¶¶ 56-62); and (3) Defendant Shuping owed Plaintiff a "duty to act in a fair and reasonable manner when dealing with

7

Plaintiff with respect to all issues related to the Note and the Security Deed" (id. ¶¶ 88-94).

### 1.     The Allegedly Fraudulent Assignment

Plaintiff's claims against Defendant Shuping rely on his central allegation that the assignment of the Security Deed from MERS to Defendant BANA was fraudulent. (Id. ¶¶ 51-55.) Defendants argue that Plaintiff lacks standing to challenge the validity of the assignment because he was not a party to the assignment. (Def. BANA's Resp. in Opp'n to Pl's Mot. to Remand, Dkt. [13] at 6-7; Def. Shuping's Resp. to Pl.'s Mot. to Remand, Dkt. [14] at 2.) The Court agrees with Defendants.

First, as a stranger to the Assignment, Plaintiff lacks standing to challenge it. See, e.g., Breus v. McGriff, 413 S.E.2d 538, 239 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity."); Rosenhaft v. BAC Home Loans Servicing, LP, No. 1:11-CV-2519-TWT, 2012 WL 484842, at *2 (N.D. Ga. Feb. 14, 2012) ("Plaintiff does not have standing to challenge the assignment from MERS to BAC because she was not a party to the assignment.").

Second, Plaintiff has failed to state a claim for relief based on the allegation that the Assignment is "defective" because it was executed by

8

(Rev.8/82)

Andrew S. Shuping, an attorney employed by Defendant Shuping, who simultaneously served as a vice president of MERS – a situation Plaintiff contends made the assignment defective because "Andrew Shuping is not an actual employee of MERS." (Compl., Dkt. [1-2] ¶¶ 51-55.) As previously stated, because Plaintiff is not a party to the Assignment contract, he lacks standing to challenge its enforceability. Breus, 413 S.E.2d at 539.

Therefore, to the extent Plaintiff's claims against Defendant Shuping rely on the allegedly fraudulent nature of the assignment, those claims are not viable state-law claims.

### 2. "Robo-signing"

Plaintiff next alleges that the Assignment was invalid because Defendant Shuping signed the Assignment contract as a "robo-signer." (Compl., Dkt. [1-2] ¶¶ 56-62.) To the extent Plaintiff is again challenging the validity of the Assignment, this claim fails. (See discussion in Part II.A.1., supra). Additionally, this Court has found that "there is no such cause of action [for robo-signing] in Georgia." Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

9

### 3. *Defendant Shuping's Duty to Plaintiff*

Lastly, Plaintiff contends that Defendant Shuping "had a duty to act in a fair and reasonable manner when dealing with Plaintiff with respect to all issues related to the Note and the Security Deed," and that Defendant Shuping "committed tortious and unconscionable acts towards Plaintiff."  (Compl., Dkt. [1-2] ¶¶ 89-90.)  Defendants respond that Plaintiff "cannot state a negligence claim against the firm because [Defendant Shuping] did not owe him any legal duty of care while pursuing foreclosure proceedings against his property." (Def. BANA's Resp. in Opp'n to Pl.'s Mot. to Remand, Dkt. [13] at 7; Def. Shuping's Resp. to Pl.'s Mot. to Remand, Dkt. [14] at 2.)  The Court agrees with Defendants.

Plaintiff's Complaint does not identify any basis upon which Defendant Shuping, acting on behalf of Defendant BANA, would owe Plaintiff any legal or fiduciary duty under state law.  Georgia courts have clearly held that a mortgagor and mortgagee do not have a confidential relationship that would create a fiduciary duty because "they are creditor and debtor with clearly opposite interests."  Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997); accord White v. Ams. Servicing Co., No 11-13101, 2012 WL 280723, at *2 (11th Cir. Feb. 1, 2012) ("Georgia courts have held that as a

10

matter of law, no fiduciary relationship exists merely because of two parties' relative relationships as lender and borrower.").  Consequently, Defendant Shuping, as the law firm hired by the mortgagee to execute the power of sale, has no confidential relationship with Plaintiff that would give rise to a fiduciary duty.  See Moore, 483 S.E.2d at 139 ("The mere fact that one reposes trust and confidence in another does not create a confidential relationship.") (internal citations and quotations omitted).

Therefore, Plaintiff's claims premised on an alleged duty owed by Defendant Shuping to Plaintiff fail.

        *4.*     *Fraudulent Joinder Conclusion*

The analysis of Plaintiff's allegations in support of his claims against Defendant Shuping show that his Complaint fails to state a colorable state-law claim against Defendant Shuping.  Plaintiff's allegations, even if true, do not impose liability, as Plaintiff lacks standing to challenge the assignment; there is no cause of action for "robo-signing" in Georgia; and Defendant Shuping did not owe a duty of care to Plaintiff while pursuing foreclosure proceedings against the Property.  Consequently, the Court finds that Plaintiff has not alleged valid claims of liability against the non-diverse Defendant Shuping, and

Defendant Shuping's citizenship may be ignored under the doctrine of fraudulent joinder.

### B.     Amount in Controversy

With regard to the amount in controversy, the Court finds that there is more than $75,000 in controversy in this case.  Under Georgia law, where a party seeks to bar the right to foreclose, the value of the property determines the amount in controversy for purposes of diversity jurisdiction.  See Roper v. Saxon Mort. Servs., Inc., 1:09-CV-312-RWS, 2009 WL 1259193, at *6 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake.").  Moreover, courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case. See, e.g., Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement.").  The Security Deed shows that the value of Plaintiff's loan was $245,000.00.  (Compl., Dkt. [1-1] ¶ 9, Ex. A (Security Deed).)  Plaintiff also does not allege any specific facts or put forward any evidence to show that the amount in controversy requirement is not

12

satisfied. Accordingly, in light of the foregoing authority, the Court finds that the amount in controversy requirement is satisfied.

Therefore, removal was proper pursuant to 28 U.S.C. § 1332(a) and Plaintiff's Motion to Remand [8] is **DENIED**.

## III. Conclusion

In accordance with the foregoing, Plaintiff's Motion to Remand [8] is **DENIED**. Pursuant to the Court's previous Order [12], Plaintiff is now **ORDERED** to respond to Defendant BANA's Motion to Dismiss [2] and Defendant Shuping's Motion to Dismiss [12] not later than 14 days after the date of this Order. See L.R. 7.1B.

**SO ORDERED**, this 18th day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge