**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PETER SEAN MILBURN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1886-RWS |
| AEGIS WHOLESALE | : | |
| CORPORATION; BANK OF | : | |
| AMERICA, N.A.; and SHUPING, | : | |
| MORSE & ROSS, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court on Defendant Bank of America's

("BANA") Motion to Dismiss [2] and Defendant Shuping, Morse & Ross,

LLC's ("Shuping") Motion to Dismiss [4].  After reviewing the record, the

Court enters the following Order.

### Background[1]

This case arises out of Plaintiff Peter Sean Milburn's ("Plaintiff") attempt

to halt the imminent non-judicial foreclosure sale of real property owned by

him, located at 1511 Iverson Street N.E., Atlanta, Georgia 30317 (the

---

[1] At the motion to dismiss stage, the Court accepts as true all well-pleaded facts
in Plaintiff's Complaint.

"Property"). (Compl., Dkt. [1-2] ¶ 5.) On February 15, 2006, Plaintiff executed a promissory note (the "Note") in favor of Defendant Aegis Wholesale Corporation ("Aegis")[2] in the amount of $245,000.00. (Id. ¶ 9.) To secure repayment under the Note, Plaintiff executed a security deed (the "Security Deed") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Aegis.[3] (Id. Ex. A (Security Deed).) On January 26, 2011, MERS assigned the Security Deed to BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing LP (the "Assignment"). (Id. ¶ 14.) The Assignment was signed by "S. Andrew Shuping, Jr. VP" as vice-president of MERS. (Id. ¶ 14, Ex. C.) Mr. Shuping is an attorney at the Shuping law firm, which is acting as foreclosure counsel. (Id. ¶ 15.)

Plaintiff was apparently unable to make the required payments under the Note and BANA initiated foreclosure proceedings. In an effort to stop the

---

[2] It appears from the record that Defendant Aegis, a now defunct business, has not been served with process. The Complaint was filed in state court on April 30, 2012, and the case was removed to this Court on May 31, 2012. Pursuant to Federal Rule of Civil Procedure 4(m), which requires Plaintiff to serve Aegis within 120 days after filing the Complaint, the Court **DISMISSES** the action against Aegis **without prejudice**.

[3] MERS is not a named defendant in this case, even though Plaintiff refers to MERS as a defendant throughout his Complaint.

AO 72A
(Rev.8/82)

foreclosure, Plaintiff filed this suit in Superior Court of DeKalb County, Georgia on April 30, 2012, challenging the Assignment and Defendants' right to foreclose on the Property.  (See generally Compl., Dkt. [1-2].)  On May 31, 2012, BANA removed the action from state court to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[4]  (Notice of Removal, Dkt. [1] at 1.)  Subsequently, BANA and Shuping filed motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Plaintiff then filed a Motion to Remand (Dkt. [8]) and a Motion to Extend Time to File Response to Motion to Dismiss (Dkt. [9]).

In an Order issued on March 18, 2013 [17], the Court denied Plaintiff's Motion to Remand and ordered Plaintiff to respond to Defendants' motions to dismiss not later than 14 days after the date of the Order.  Plaintiff has failed to respond to Defendants' motions, which are now before the Court and deemed unopposed.  See L.R. 7.1B.

---

[4] On May 30, 2012, Defendant Shuping consented to removal of the case. (Notice of Removal, Dkt. [1] Ex. D (Def. Shuping's Consent to Removal).)

3

## Discussion

### I.   Legal Standard - Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

4

(11th Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." <u>D.L. Day v. Taylor</u>, 400 F.3d 1272, 1275-76 (11th Cir. 2005); <u>see also</u> Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  <u>D.L. Day</u>, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." <u>Id.</u> (citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." <u>Id.</u>

AO 72A
(Rev.8/82)

## II.    Analysis - Motions to Dismiss

In his Complaint [1-2], Plaintiff enumerates the following "causes of action:" (1) declaratory judgment "that Bank of America is not now and never has been Plaintiffs' [sic] secured creditor, that Bank of America is not now and never has been the holder of the Note or entitled to enforce the Note, and that Bank of America has never had any right, title or interest in the Security Deed, because said security deed was never lawfully assigned to Bank of America" (Count I); (2) temporary and permanent injunctive relief enjoining all Defendants from proceeding with any foreclosure action, initiating or continuing any dispossessory proceeding against Plaintiff, listing or advertising the Property for sale, or selling the Property (Count II); cancellation of the fraudulent assignment (Count III); quiet title (Count IV); and negligence (Count V).  Plaintiff seeks allowable expenses of litigation, including attorney's fees.

### A.    BANA Motion to Dismiss

BANA argues that Plaintiff's claims against it are barred by *res judicata* and collateral estoppel.  (BANA MTD, Dkt. [2-1] at 5-8.)  This is the second suit brought by Plaintiff against Aegis and BANA challenging these Defendants' authority to foreclose on the Property.  (See First Compl., Dkt. [2-

AO 72A
(Rev.8/82)

2] at 3 of 25.)  BANA removed Plaintiff's first action from state court to the

Northern District of Georgia and the case was assigned to Judge Steve C. Jones.

On March 22, 2012, on BANA's motion to dismiss, Judge Jones dismissed

Plaintiff's suit against BANA with prejudice.  (Order, Case No. 1:12-CV-0354-

SCJ, Mar. 22, 2012.)

  "*Res judicata* is a doctrine of claim preclusion; it refers to 'the preclusive

effect of a judgment in foreclosing re-litigation of matters that should have been

raised in an earlier suit.'" Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468,

1470 (11th Cir. 1986) (quoting Migara v. Warren City Sch. Dist. Bd. of Educ.,

465 U.S. 75, 77 n. 1 (1984)).  In the Eleventh Circuit,

> a claim will be barred by prior litigation if all four of
> the following elements are present: (1) there is a final
> judgment on the merits; (2) the decision was rendered
> by a court of competent jurisdiction; (3) the parties, or
> those in privity with them, are identical in both suits;
> and (4) the same cause of action is involved in both
> suits.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  "Res

judicata bars the filing of claims which were raised or could have been raised in

an earlier proceeding."  Id.; see also NAACP v. Hunt, 891 F.2d 1555, 1560

(11th Cir. 1990) ("[A]ny claim that was or could have been adjudicated in the

previous action is precluded.").  The first two factors are clearly satisfied here.

Judge Jones' Order was a final judgment on the merits rendered by a court of

competent jurisdiction.  Therefore, the remaining issues are the parties and the

causes of action.

The first suit involved the same Property, Note, Security Deed, and

Assignment as those at issue here.  The differences between the first suit and

the one now before the Court are: (1) the addition of Shuping as a Defendant,

(2) the addition of claims for fraudulent assignment and negligence, and (3)

omission of claims for breach of implied covenant of good faith and fair dealing

and slander of title. (Compare First Compl., Dkt. [2-2], and Compl., Dkt. [1-2]

at 3 of 62.)

The addition of Shuping as a Defendant in this action does not preclude

application of the *res judicata* doctrine.  In Shurick v. Boeing Co., 623 F.3d

1114, 1117 (11th Cir. 2010), the plaintiff challenged application of the *res*

*judicata* doctrine on grounds that his first suit involved an additional defendant

not named in his second suit.  The Circuit Court rejected the plaintiff's

argument, reasoning:

8

> claim preclusion operates to prevent parties from
> contesting matters that they have had a full and fair
> opportunity to litigate between themselves, and we
> have no reason to suspect that the presence of another
> defendant in the [earlier] action impaired [plaintiff's]
> ability to litigate his employment dispute with [the
> current defendant].

Shurick, 623 F.3d at 1117.  Similarly, here, Shuping's absence in Plaintiff's first suit did not impair Plaintiff's ability to litigate his dispute with BANA. Therefore, as to BANA, *res judicata* applies.

Finally, the Court must determine whether Plaintiff's suits against BANA involve the same causes of action.  As an initial matter, the Court notes that Plaintiff's claim to quiet title appears in both suits.  Therefore, that claim is unquestionably precluded.  As to Plaintiff's other claims, the Court finds that they are also precluded.

"[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotations and citations ommitted).  "*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and

9

claims arising out of the same nucleus of operative fact." <u>NAACP</u>, 891 F.2d at 1561.  Plaintiff's second suit is based on the same factual predicate as his first suit against BANA.  (<u>Compare</u> First Compl., Dkt. [2-2] ¶¶ 23-30, and Compl., Dkt. [1-2] ¶¶ 14-20.)  In both cases, Plaintiff challenges BANA's authority to foreclose on the Property.  The same Property, Note, Security Deed, and Assignment are at issue in both suits.

Plaintiff's attempt to recharacterize his claims against BANA is unavailing.  Plaintiff had a full and fair opportunity to present his claims against BANA in the earlier suit.  He is not permitted to re-litigate his claims here. Therefore, BANA's Motion to Dismiss [2] is **GRANTED**.

## B.     Shuping Motion to Dismiss

Plaintiff alleges that Shuping, with the other named Defendants, engaged in a scheme to wrongfully initiate foreclosure proceedings against the Property. (Compl., Dkt. [1-2] ¶ 30.)  The only factual allegation in the Complaint concerning Shuping is that Andrew Shuping signed the Assignment of the Security Deed as a Vice-President of MERS, which, Plaintiff alleges, rendered the Assignment defective because Andrew Shuping is not an actual employee of MERS.  (Compl., Dkt. [1-2] ¶¶ 14-16, 51, 55.)  The only cause of action

10

brought against Shuping appears to be Plaintiff's negligence claim, which names all "Defendants"[5] and asserts: "Defendants had a duty to act in a fair and reasonable manner when dealing with Plaintiff with respect to all issues related to the Note and the Security Deed. . . ."  Plaintiff seeks injunctive relief and litigation expenses against Shuping and the other Defendants.

To state a claim for negligence, Plaintiff must allege (1) a duty, (2) a breach of that duty, (3) causation, and (4) damages.  See McKenna Long & Aldridge, LLP v. Keller, 598 S.E.2d 892, 894 (Ga. Ct. App. 2004).  Shuping argues that Plaintiff has not alleged a legal duty owed him by the law firm. (Shuping MTD Br., Dkt. [4-1] at 7-10.)  The Court agrees with Shuping.

Lawyers' legal duties to others typically arise out of the attorney-client relationship.  McKenna, 598 S.E.2d at 894 (citing Legacy Homes, Inc. v. Cole, 421 S.E.2d 127 (Ga. Ct. App. 1992)).  In the absence of such a relationship – as is the case here – an attorney may owe a duty to a non-client when there is a contract or agreement for the non-client's benefit.  Legacy Homes, 421 S.E.2d at 129.  Plaintiff alleges no such contract or agreement here.  Finally, as

---

[5] The other causes of action in the Complaint refer specifically to alleged misconduct by Aegis, BANA, and MERS.

11

Shuping notes, Plaintiff has not alleged the existence of any confidential

relationship between him and the law firm that would give rise to a legal duty.

(Shuping MTD Br., Dkt. [4-1] at 9.)

Therefore, Plaintiff has failed to state a claim against Shuping and

Shuping's Motion to Dismiss [4] is **GRANTED**.[6]

### Conclusion

Based on the foregoing, the case is **DISMISSED without prejudice**

against Aegis, Defendant BANA's Motion to Dismiss [2] is **GRANTED**, and

Defendant Shuping's Motion to Dismiss [4] is **GRANTED**.

---

[6] To the extent Plaintiff intended to bring his other claims against Shuping, they also fail.  Plaintiff's claims are based on the alleged fraudulent Assignment of the Security Deed.  First, Plaintiff does not have standing to challenge the Assignment because he is not a party to or a third-party beneficiary of the Assignment.  See O.C.G.A. § 9-2-20(a); Joseph v. Fed. Home Loan Mortg. Corp., No. 1:12-CV-1022-RWS, 2012 WL 5429639, at *2 (N.D. Ga. Nov. 6, 2012) (finding plaintiff could not support claim for wrongful foreclosure by challenging assignment of the security deed because she was not a party to the contract and lacked standing to challenge validity of the assignment).  Second, this Court has previously found that there is no cause of action for "robo signing" in Georgia.  Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

12

**SO ORDERED**, this  22nd  day of April, 2013.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)